UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2003 DEC 31  A 9: 04

U.S. DISTRICT COURT
DISTRICT OF MASS.

VIRGINIA G. KEEFE, Individually )
And as Administratix of the Estate )
Of JOHN P. KEEFE, III, )
    Plaintiff, )
    )
    )    CIVIL ACTION NO.:
    )
    )
MONUMENTAL LIFE )
INSURANCE COMPANY, )
    Defendant. )

**ANSWER AND DEMAND FOR TRIAL BY JURY OF THE DEFENDANT,**
**MONUMENTAL LIFE INSURANCE COMPANY**

The defendant, Monumental Life Insurance Company ("Monumental"), hereby answers the like numbered paragraphs of the plaintiff's Complaint as follows:

1. Monumental is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 1 of plaintiff's Complaint.

2. Monumental is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 2 of plaintiff's Complaint.

3. Monumental admits the allegations contained in paragraph 3 of plaintiff's Complaint.

4. Monumental is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 4 of plaintiff's Complaint.

5. Monumental denies the allegations contained in paragraph 5 of plaintiff's Complaint.

6. Monumental denies the allegations contained in paragraph 6 of plaintiff's Complaint.

7. Monumental is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 7 of plaintiff's Complaint.

8. Monumental is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 8 of plaintiff's Complaint.

9. Monumental is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 9 of plaintiff's Complaint.

10. Monumental is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 10 of plaintiff's Complaint.

11. Monumental denies the allegations contained in paragraph 11 of plaintiff's Complaint.

12. Monumental admits that it has not honored plaintiff's claim. However, Monumental is without sufficient information to either admit or deny that there have been numerous demands or correspondence.

13. Monumental denies the allegations contained in paragraph 13 of plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The acts or omissions complained of by the plaintiff were not within the scope of any contractual obligations undertaken by Monumental.

### THIRD AFFIRMATIVE DEFENSE

Any damages the plaintiff may have sustained are the proximate result of the acts or omissions of a third-party or third-parties for whom Monumental is not legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint should be dismissed as plaintiff and/or plaintiff's decedent failed to fulfill all necessary conditions precedent and obligations under the contract of insurance.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint should be dismissed for failure of consideration.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint should be dismissed to the extent plaintiff failed to comply with the requirements of G.L. c.93A § 9(3).

WHEREFORE, Monumental demands that the Court dismiss plaintiff's Complaint and grant it such other relief, as the Court deems appropriate.

## MONUMENTAL DEMANDS A TRIAL BY JURY

**MONUMENTAL LIFE INSURANCE COMPANY,**
By its Attorney,

*/s/ Robert P. La Hait*
Robert P. La Hait, Esq.
BBO# 551000
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street
Suite 1700
Boston, MA 02210
(617) 695-2330

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above document on all counsel of record by first class, regular mail on this 30th day of December, 2003.

Robert P. LaHait