UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____          )
                                        )
VIRGINIA G. KEEFE, Individually         )
And as Administratix of the Estate      )
Of JOHN P. KEEFE, III,                  )
Plaintiff,                              )
                                        )
                                        )    CIVIL ACTION
        v.                              )    NO.:  03-12651-MLW
                                        )
MONUMENTAL LIFE                         )
INSURANCE COMPANY,                      )
Defendant.                              )
_____)

**JOINT STATEMENT OF THE PARTIES IN ACCORDANCE FED.CIV.P. 16(b) AND 26(f)**

## Amended Joint Discovery Plan

**1) Written Discovery**

**Note:  It is the intention of the parties, for the sake of economy and efficiency, to first resolve their dispute on the issue of the effective date of the insurance coverage at issue through written discovery and the filing of motions for summary judgment. The parties anticipate that depositions may not be necessary to resolve this issue, but reserve the right to do so. The parties further anticipate that if the Court by way of summary judgment can determine this issue, the parties may proceed to settlement negotiations without the need for further litigation.  The parties will defer litigation on any other issues in dispute pending resolution of this issue.**

Interrogatories:

The parties ask this Court to allow them to propound no more than thirty (30) Interrogatories in total; however, they may serve more than one set of Interrogatories during the discovery period.

Requests for Production of Documents:

The parties ask this Court to not limit the number of items a party can ask to have produced or the number of sets of requests it can serve.

Request for Admissions:

The parties ask this Court to allow them to serve a total of no more than thirty (30) Requests for Admissions in total, however, they may serve more than one set of Requests for Admissions during the discovery period.

**2) Service**

Interrogatories:

The parties agree that all Interrogatories must be served on or before October 20, 2004.

Request for Production of Documents:

The parties agree that initial document requests must be served on or before October 20, 2004, and additional document requests may be served as discovery proceeds, if needed.

Request for Admissions:

The parties agree that all Requests for Admissions must be served no later than 30 days after receiving answers to interrogatories and responses to request for production of documents from the opposing party.

**3) Compliance**

Interrogatories:

The parties agree that all Interrogatories must be answered in accordance with Fed.R.Civ.P. 33(b).

Request for Production of Documents:

The parties agree that all initial document requests must be responded to in accordance with Fed.Civ.P. 34(b).

Request for Admissions:

The parties agree that all Requests for Admissions must be answered in accordance with Fed.Civ.P. 26(f).

**4) Completion of Depositions**

The parties have agreed to complete depositions on or before December 9, 2004.

**5) Number of Depositions**

The defendant anticipates that it may only take the deposition of plaintiff Virginia Keefe.

However, if her deposition reveals the identity of other possible witnesses to the negotiation of the alleged insurance contract, the defendant anticipates that it may need to take these depositions as well.

The plaintiff anticipates taking the deposition of Monumental Life Insurance Company and/or its relevant employees, who reside and/or have a principal place of business in the State of Maryland.

**6) Identification of Trial Experts**

The parties agree that the Plaintiff will disclose her expert witnesses, if any, no later than forty-five 45 days after completion of depositions, on December 9, 2004, and the Defendant will disclose its expert witnesses, if any, no more than thirty (30) days after plaintiff's disclosure.

The parties also request the Court to allow the deposition of expert witnesses. The parties agree and understand that party taking such depositions will bear the costs of the deposition and paying the expert fee for his or her time.

**7) Filing of Motions**

The parties that agree that all amendments to the pleadings and other Rule 15 Motions will be filed no later than October 15, 2004.

The parties agree that all Rule 56 Motions will be filed no later than February 9, 2005.

**8) Settlement conference:**

The parties agree that there should be a Settlement Conference scheduled no more than thirty (30) days after the Court rules on any Rule 56 Motion or, if no Rule 56 Motions are served, and if discovery and scheduling occurs as proposed, then on or before March 25 25, 2005, thirty (30) days after Rule 56 motions were to have been filed.

**9) Final pre-trial conference**

Date to be determined by the court.

**10) Trial by Magistrate**

The parties have previously agreed that this matter can be tried before a judge magistrate.

**11) Unusual Legal Issues**

The parties anticipate no unusual legal issues to arise in this action.

| | |
|---|---|
| The Plaintiff,<br>**Virginia G. Keefe**<br>**Individually And As Administratrix**<br>**of the Estate of John P. Keefe, III,**<br>By Her Attorneys, | The Defendant,<br>**Monumental Life**<br>**Insurance Company**<br>By Its Attorneys |
| _____<br>JANET SESNOVICH, ESQ.<br>BBO # 452120<br>132 Central Street, Suite 208<br>P.O. Box 439<br>Foxborough, MA 02035<br>(508) 543-3000 | _____<br>ROBERT LA HAIT, ESQ.<br>BBO# 551000<br>**FITZHUGH, PARKER & ALVARO LLP**<br>155 Federal Street, Suite 1700<br>Boston, MA  02110<br>(617) 695-2330 |

5